IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FORAS TECHNOLOGIES LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:23-CV-386-RP |
| | § | |
| BAYERISCHE MOTOREN WERKE AG and | § | |
| ROBERT BOSCH GMBH, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants Bayerische Motoren Werke ("BMW") and Robert Bosch GmbH's ("Bosch") (collectively, "Defendants") opposed motion to stay. (Dkt. 37). Plaintiff Foras Technologies Ltd. ("Foras") filed a response in opposition, (Dkt. 39), and Defendants filed a reply, (Dkt. 40). Having considered the parties' arguments and the relevant law, the Court will grant the motion to stay the case.

Foras filed its complaint on May 19, 2023, alleging infringement by Defendants of U.S. Patent No. 7,502,958 ("'958 patent"). (Compl., Dkt. 1). The '958 patent consists of 25 claims. Foras asserts claims 1–6, 8, 19, and 20 against BMW, and claims 1–6, 8–12, 19, 20, and 23–25 against Bosch. (Pl.'s Disclosure Asserted Claims, Dkts. 37-2; 37-3).

On September 1, 2023, non-party Unified Patents, LLC requested an *ex parte* reexamination ("EPR") of all claims of the '958 patent. On November 29, 2023, the Central Reexamination Unit (the "CRU") of the United States Patent and Trademark Office granted the request. (Ex Parte Reexamination Decision, Dkt. 37-4). On March 19, 2024, the CRU issued a Non-Final Office Action, rejecting all claims of the '958 patent. (Non-Final Office Action, Dkt. 37-5). A response to the Non-Final Office Action is due on May 19, 2024, and a final decision is expected thereafter.

1

Additionally, on March 20, 2024, the Patent Trial and Appeal Board (the "PTAB") issued an order instituting *inter partes* review ("IPR") of claims 1–8 and 13–22 of the '958 patent. (IPR Institution Decision, Dkt. 37-1, at 2, 39). Under 35 U.S.C. § 316, the PTAB's final written decision is expected by March 20, 2025.

Defendants move to stay all proceedings in this case pending resolution of both the IPR and EPR proceedings. District courts generally consider three factors when determining whether to stay a matter in light of IPR or EPR proceedings: (1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested. *See Crossroads Sys. v. DOT Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 16, 2015); *Polaris Powerled Techs., LLC v. Dell Techs. Inc.*, No. 1:22-cv-0973-RP, 2023 WL 5282381, at *2 (W.D. Tex. Aug. 15, 2023).

Defendants assert that (1) a stay has a substantial likelihood of simplifying the issues, as the IPR proceeding includes nine of the sixteen claims of the sole patent at issue in the present case and the EPR proceeding includes all claims of the asserted patent; (2) a stay will not unduly prejudice Foras because Foras is a nonpracticing entity that seeks only monetary damages and does not compete with Defendants; and (3) this case is in its early stages, as neither discovery nor claim construction has begun. (Mot., Dkt. 37, at 4). Foras responds that (1) there is no evidence a stay will simplify the issues, as all the asserted claims in this case are not subject to Defendants' IPR and estoppel does not attach to EPR proceedings; (2) a stay will unduly prejudice Foras because the IPR and EPR proceedings will take significant time to resolve and a delay of the proceedings is at odds with Foras's interest in the timely enforcement of its patent rights and may diminish its access to witnesses and other evidence; and (3) this litigation is not an early stage because it has been pending for nearly a year and some activity has already occurred in the case, including briefing on

Defendants' motions to dismiss, Foras's service of its infringement contentions, and the entry of a scheduling order after a case management conference before the Court. (Resp., Dkt. 39, at 1–2, 6).

The Court finds that the factors weigh in favor of granting a stay pending resolution of the IPR and EPR proceedings. First, a stay may simplify the issues in this case, as every claim of the asserted patent is under review, either through IPR or EPR proceedings. The PTAB could find that nine of the sixteen claims asserted in this case are unpatentable during its IPR proceeding, which would more than halve the asserted claims of the sole patent in this case. Further, the CRU has already issued a Non-Final Action rejecting all 25 claims of the '958 patent, the only patent asserted in this case. A forthcoming final decision could confirm this initial action and cancel all claims of the '958 patent, which would end this litigation. Even if some claims survive both proceedings, the final EPR and IPR decisions will likely provide information that would be helpful to the Court in claim construction or further proceedings. *See Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Tex., Inc.*, No. 6:21-cv-00302-ADA, 2022 WL 2078030, at *3 (W.D. Tex. June 8, 2022); *Polaris*, 2023 WL 5282381, at *3.

On the other hand, continuing with the current litigation while both IPR and EPR proceedings are ongoing would be an inefficient use of both this Court's and the parties' resources. *See Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555804, at *3 (W.D. Tex. Oct. 4, 2021) ("[G]iven the number of grounds that PTAB instituted IPR upon, there is a good chance the PTAB will invalidate the . . . patent, rendering continued litigation of this case wasteful."); *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6:20-cv-00899-ADA, 2021 WL 8083373, at *3 (W.D. Tex. Dec. 7, 2021) ("[A] stay by this Court while allowing the reexamination to proceed may eliminate the need for trial entirely."). Therefore, the Court finds that a stay will simplify the issues in this case.

Second, this case is at an early stage of litigation. This case was filed less than a year ago, on May 19, 2023. (Compl, Dkt. 1). The Court only recently entered a scheduling order, (Dkt. 35), after holding a case management conference in March 2024, (Minute Entry, Dkt. 34). Under the scheduling order, a *Markman* hearing is scheduled for August 29, 2024, dispositive motions are due June 5, 2025, and trial is set for October 25, 2025. (Dkt. 35). While the parties concluded briefing on Defendants' motions to dismiss, (Dkts. 21, 22), in January 2024, the Court has not yet ruled on the motions to dismiss, nor has it issued any other substantive order in the case. Most importantly, neither discovery nor claim construction briefing has yet begun. Thus, the substantive milestones in this case have not yet occurred. This Court finds it unwise to allow this case to proceed to claim construction, discovery, or trial when the IPR and EPR proceedings could negate the need for, or greatly simplify the resolution of, those litigation milestones. Therefore, this early stage of litigation favors a stay. *See, e.g.*, *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022); *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims.") (internal quotation marks and citation omitted).

Finally, the potential for the IPR and EPR proceedings to simplify the issues outweighs the minimal prejudice to Foras of staying the case. Because Foras does not produce products on its patents nor does it compete with Defendants, a stay will not unduly prejudice Foras's interests. *See Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022). To the contrary, this Court has held that a party's "mere delay in collecting [monetary] damages does not constitute undue prejudice." *Crossroads Sys.*, 2015 WL 3773014, at *2. Further, vague assertions about the loss of evidence and witnesses, as Foras asserts here, "are not

sufficient to justify a conclusion of undue prejudice." *VirtualAgility v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014).

For these reasons, **IT IS ORDERED** that Defendants' opposed motion to stay, (Dkt. 37), is **GRANTED**. This action is **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall file quarterly joint status reports apprising the Court of the status of the *inter partes* review and the *ex parte* reexamination, with the first status report due on or before **July 22, 2024**.

**SIGNED** on April 22, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE